2014 CO 11

### In the MATTER OF: Robert A. RAND

### Supreme Court Case No. 13SA172

Supreme Court of Colorado.

February 10, 2014

Attorneys for Commission on Judicial Discipline: Special Counsel for the Commission on Judicial Discipline James S. Sudler Katrin Miller Rothgery Denver, Colorado

Attorneys for Robert A. Rand: Silver & DeBoskey, P.C. Gary B. Blum Steven W. Kelly Martin D. Beier Lisha R. McKinley Denver, Colorado

PER CURIAM

¶ 1 Honorable Robert A. Rand, you appear before this court for imposition of discipline based upon violation of the duties of your office as a County Court Judge. In consideration of your Stipulated Resolution with Special Counsel pursuant to Rule 37(d) of the Colorado Rules of Judicial Discipline, the Commission of Judicial Discipline has recommended approval of the Stipulated Resolution and issuance of a Public Censure.

¶ 2 The stipulated resolution of the parties is set forth below:

* * *

¶ 3 1.   Judge Rand and Complainant stipulate to the following facts and conclusions:

¶ 4 a.   Judge Rand was assigned to Courtroom L–2 in Loveland, Colorado until approximately June 1, 2013, when he was assigned to courtroom 4–D in Fort Collins. On July 3, 2013, Judge Rand was temporarily suspended pursuant to Colo. RJD 34 pending resolution of these proceedings.

¶ 5 b.   While serving as a County Court Judge, Judge Rand engaged in undignified conduct, as follows:

¶ 6 i.   Judge Rand joked about the physical weight of the court collection officer.

¶ 7 ii.   Judge Rand joked with a female juror during the course of a trial about dancing during a break in the proceedings, ●which was a specific reference to the juror's profession as a dancer. Judge Rand attempted to create a friendly atmosphere in his courtroom, but this was misinterpreted by some.

¶ 8 iii.   Judge Rand made an inappropriate joke in private to his court clerk about the large breasts of a woman appearing before him in court.

¶ 9 iv.   Judge Rand commented on the physical appearance of an attorney who appeared regularly in his courtroom. Judge Rand states that his comments were intended to be friendly compliments to increase her confidence and comfort level in his courtroom.

¶ 10 v.   Judge Rand made comments from the bench about two attorneys appearing before him wearing "pearl necklaces," which one attorney felt had a sexual connotation.

¶ 11 vi.   Judge Rand invited a female public defender appearing in his courtroom to share pictures of her vacation with him and his staff in chambers. Judge Rand states that this was an attempt to be friendly.

¶ 12 vii.   During an interview with a potential clerk, Judge Rand told the female applicant about a time when a defendant in the courtroom speculated about the type of panties the clerk was wearing and asked the applicant how she would handle that type of situation.

¶ 13 c.   While serving as a County Court Judge, Judge Rand engaged in ex parte communications, as follows:

¶ 14 i.   Judge Rand made telephone calls separately to counsel for each party regarding a negotiated plea deal, giving notice to the parties, separately, that he would not accept the plea deal or sentencing offer. Judge Rand ceased this practice when joint emails were raised as a solution.

¶ 15 ii.   Judge Rand handled two cases, one in which the defendant was Matthew Reynolds, and another in which the defendant was Matthew's wife Nicole Reynolds. While the cases were pending in front of

Judge Rand, Judge Rand had conversations about the cases with Matthew's sister Amy Reynolds, who had been Judge Rand's paralegal. At least one of these conversations took place in Judge Rand's chambers. Judge Rand disclosed to both sides that Amy Reynolds had formerly worked for him and invited a motion for recusal if desired by either side. He admits that he should have recused himself, even though this was never requested.

¶ 16 d. While serving as a County Court Judge, Judge Rand failed to promote confidence in the judiciary, as follows:

¶ 17 i. Judge Rand often remained on the bench after the day's docket was complete and engaged in off-the-record conversations with those still in the courtroom. Sometimes he gave defendants advice or pep talks. Judge Rand states that this was an attempt to "humanize" the courtroom.

¶ 18 ii. Judge Rand gave a defendant who was under 21 years old advice about how to handle peer pressure to drink alcohol by faking that she was drinking.

¶ 19 e. Through Judge Rand's conduct described above, Judge Rand has engaged in conduct constituting grounds for the imposition of discipline pursuant to Colo. RJD 36. Judge Rand violated Colorado Rules of Judicial Conduct 1.2, 2.8(B), 2.9(A) and (C), and 2.11.

¶ 20 2. As a condition of this Stipulation, Judge Rand agrees to resign from his position effective March 31, 2014.

¶ 21 3. This Stipulation is premised and conditioned that it will be accepted by the Commission and the Supreme Court. If for any reason the Stipulation is not accepted without changes or modification, then the admissions, confessions, and stipulations made by Respondent will be of no effect. Respondent will have the opportunity to accept or reject any modification to the stipulation. If the respondent rejects the modification, then Respondent shall be entitled to a full evidentiary hearing; and no confession, stipulation, or other statement made by Respondent in conjunction with this offer to accept discipline of a public censure may be subsequently used. If the stipulation is re-jected, then the matter will be heard and considered by a hearing board.

¶ 22 4. This Stipulation represents a settlement and compromise of the specific claims and defenses pled by the parties, and it shall have no meaning or effect in any other judicial discipline cases or lawyer regulation cases.

\* \* \*

¶ 23 Upon consideration of the Record of Proceedings and the Stipulated Resolution, and now being sufficiently advised in the premises, the Court adopts the recommendation of the Commission. Accordingly, we hereby censure you publicly for these violations of the Code of Judicial Conduct and the Colorado Rules of Judicial Discipline.

¶ 24 Pursuant to Colo. RJD 6.5(a) all proceedings of the Commission have been held confidential until now. Finding no good cause for the stipulated resolution to remain confidential or the record of proceedings to be sealed as permitted by Colo. RJD 40, the stipulated resolution is published and the record of proceedings shall be made public.

CHIEF JUSTICE RICE does not participate.